**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Eduardo Huerta, individually and on behalf of
other employees similarly situated, Plaintiffs
v.

Hamburgerseria, and Elina Triantou,
individually, Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Eduardo Huerta, individually, and on behalf of other employees similarly situated, (hereinafter, "Plaintiff") through counsel, pursuant to 29 U.S.C. § 201 *et seq*., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), 820 ILCS § 105/1 *et seq*., commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and 820 ILCS § 115/1 *et seq*., commonly known as the Illinois Wage Payment and Collection Act (hereinafter "IWPCA") and complains against Hamburgerseria and Elina Triantou, individually, (collectively, "Defendants") and in support of this Complaint, states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the FLSA, 29 U.S.C. § 201 *et seq*. and the IMWL, 820 ILCS § 105/1 *et seq*., for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Plaintiff also seeks redress for Defendants' violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*., for Defendants' failure to pay Plaintiffs for all time worked at the rate agreed to by the parties.

3. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

4.  Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff and other similarly situated Plaintiffs their earned and living wages.

5.  Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6.  This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

8.  Plaintiff was employed by Defendants in Will County, Illinois, which is in this judicial district.

9.  During the course of his employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce.

10. During the course of his employment, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.,* and the IWPCA, 820 ILCS 115/1 *et seq.*

**Defendants**

11. Defendant Hamburgerseria is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Based on information and belief, Defendant Hamburgerseria has annual gross sales of $500,000.00 or more.

13. Defendant Hamburgerseria is located at 1015 Essington Road, Joliet, Illinois 60435.

14. Defendant Hamburgerseria was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Defendant Elina Triantou is the owner of Hamburgerseria and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

16. Defendant Elina Triantou was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS §115/1 *et seq*.

17. Based on information and belief, Defendant Elina Triantou resides and is domiciled in this judicial district.

## FACTS

18. Plaintiff worked for Defendants from approximately August 20, 2015 until May 19, 2016.

19. Throughout the course of Plaintiff's employment with Defendants and in the three (3) years prior to Plaintiff filing this Complaint, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks.

20. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did work in excess of forty (40) hours per week in one or more individual work weeks.

21. Throughout the course of Plaintiff's employment with Defendants and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff regularly worked approximately between fifty (50) and fifty-five (55) hours per week.

22. In the three (3) years prior to Plaintiff filing this Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week in one or more individual work weeks.

23. Defendants paid Plaintiff weekly.

24. Defendants paid Plaintiff by cash.

25. Defendants paid Plaintiff at an hourly rate of $11.50.

26. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, Defendants did not pay Plaintiff overtime wages at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours.

27. Instead, Defendants paid Plaintiff his regular hourly rate for all hours worked in excess of forty (40) hours per week.

28. Defendants did not compensate Plaintiff for his final week of work at the rate agreed to by the parties.

29. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA or the IMWL.

30. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times their regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

31. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

32. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

33. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

35. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

36. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

37. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

38. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

39. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

40. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

42. Defendant's violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

43. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III – VIOLATION OF THE IWPCA
### Unpaid Wages

44. All allegations contained in all preceding paragraphs are re-incorporated by this reference as if fully set forth herein.

45. The IWPCA (820 ILCS § 115/1) applies to all employers and employees in Illinois (except employees of the State or Federal governments).

46. The IWPCA (820 ILCS § 115/2) defines an "employee" as "any individual permitted to work by an employer in an occupation . . . ."

47. The IWPCA (820 ILCS § 115/2) defines an "employer" as any individual, corporation, or limited liability company "for which one or more persons is gainfully employed."

48. Plaintiff is an individual permitted to work by Defendants in an occupation.

49. The Defendants are an individual and a corporation for which Plaintiff was gainfully employed.

50. Plaintiff was Defendants' employee, and Defendants were Plaintiffs' employers.

51. The IWPCA (820 ILCS § 115/3) states (inter alia) that "[e]very employer shall be required, at least semi-monthly, to pay every employee _all_ wages earned during the semi-monthly pay period" and (820 ILCS § 115/2) defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." (emphasis added)

52. Plaintiff and the Defendants had a mutual assent that Defendants would pay Plaintiff all wages earned during the relevant pay period at their regular hourly rate.

53. Defendants had a statutory duty to pay Plaintiff all wages earned during the relevant pay period.

54. Defendants have not paid Plaintiff all wages earned during the relevant pay period and have therefore violated the IWPCA.

55. The IWPCA statute of limitations is ten (10) years pursuant to 735 ILCS § 5/13-206.

WHEREFORE, this Honorable Court is respectfully requested to enter judgment against all Defendants for the following relief:

A. judgment for all unpaid wages and compensation due as provided by the IWPCA;

B. prejudgment interest pursuant to 815 ILCS § 205/2;

C. damages pursuant to 820 ILCS § 115/14(a);

D. reasonable attorneys' fees and costs incurred in prosecuting this action; and

E. any other relief this Honorable Court deems just.

Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys